IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOSEPH W. HUBER,

        Petitioner,    :    Case No. 3:13-cv-55

  - vs -                           District Judge Walter Herbert Rice
                                    Magistrate Judge Michael R. Merz

NORMAN ROBINSON, WARDEN,
 Chillicothe Correctional Institution,

                                    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is an action for writ of habeas corpus brought *pro se* by Petitioner Joseph W. Huber. Huber seeks release from an eight-year sentence[1] he is serving in Respondent's custody, imposed by the Clark County Common Pleas Court. Petitioner pleads the following Grounds for Relief:

> **Ground One:** The trial court committed prejudicial error when it overruled Petitioner's motion to suppress evidence as there was an unlawful warrantless search of a suitcase and the State did not meet its burden of establishing any of the warrantless search exceptions at the hearing.
>
> **Ground Two:** The trial court committed prejudicial error when it overruled the Petitioner's motion to dismiss for failing to bring the trial within the requisite speedy trial time guaranteed to him under both the Ohio and United States Constitutions as well as under statutory rights provided under Ohio Revised Code § 2945.71.

1

---

[1] This sentence was reduced to one year upon re-sentencing in 2010 (Return of Writ, Doc. No. 6, PageID 589).

> **Ground Three:** The conviction for Aggravated Drug Possession was a [sic] allied offense with the convictions in Case No. 2006-CR-0509. See: 2010-CA-83.
>
> **Ground Four:** The Double Jeopardy Clause of the Fifth Amendment was violated when the Defendant [was] brought to trial [on] charges that had been previously dismissed after a jury had been empaneled. See: 2010-CA-83.

(Petition, Doc. No. 2).

> **Ground Four:** The Double Jeopardy Clause of the Fifth Amendment was violated when the Defendant [was] brought to trial [on] charges that had been previous]y dismissed after a jury had been empaneled. See: 2010-CA-83.

(Petition, Doc. No. 2).

## Ground One: Warrantless Search

In his First Ground for Relief, Huber claims the contraband drugs which formed the basis of his conviction were obtained in a warrantless search. Respondent asserted this claim was barred from merits review in habeas corpus by the doctrine of *Stone v. Powell,* 428 U.S. 465 (1976). In his Reply, Huber concedes this is a correct statement of law (Reply, Doc. No. 12, PageID 655). Ground One should therefore be dismissed with prejudice.

## Ground Two: Speedy Trial

In his Second Ground for Relief, Huber claims that his right to a speedy trial was violated by the delay in bringing him to trial. Respondent asserts that the state courts decided this claim on the merits and that their decision is neither contrary to nor an

2

objectively unreasonable application of clearly established United States Supreme Court precedent. Presented with this argument "Petitioner concedes that Ground Two is meritless." (Reply, Doc. No. 12, PageID 655.) Ground Two should therefore be dismissed with prejudice.

### Ground Three: Double Jeopardy: Merger of Allied Offenses of Similar Import

In his Third Ground for Relief, Huber claims his conviction for drug possession in the instant case (Clark County Common Pleas Case No. 06-CR-674, "Huber II") is an allied offense with the convictions for drug possession in the first-tried case (Clark County Common Pleas Case No. 06-CR-509, "Huber I") Respondent analyzes this Ground for Relief as presenting a Double Jeopardy claim that Huber is being punished twice for the same offense (Return of Writ, Doc. No.6, PageID 617).

Huber avers that he first raised this claim in his Application for Reopening his direct appeal under Ohio R. App. P. 26(B) (Reply, Doc. No. 12, PageID 659). He notes that the court of appeals adjudicated the claim on the merits and found it to be meritless. *Id.* at 659-60. He avers he raised it again on resentencing on this claim. *Id*. Huber accepts Respondent's characterization of Ground Three as raising a multiple-punishment-for-one-offense Double Jeopardy claim and argues it in those terms.

The Double Jeopardy Clause of the United States Constitution affords a defendant three basic protections:

> **It** protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction.

> And it protects against multiple punishments for the same offense.

*Brown v. Ohio,* 432 U.S. 161, 165(1977), *quoting North Carolina v. Pearce,* 395 U.S. 711, 717 (1969). The Double Jeopardy Clause of the Fifth Amendment was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 794 (1969).

Ohio Revised Code § 2941.25, adopted by Ohio in 1974, codifies Ohio's attempt to enforce the Double Jeopardy Clause.

The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon,* 509 U.S. 688, 696 (1993); *Blockburger v. United States,* 284 U.S. 299, 304 (1932). Where two offenses are the same for *Blockburger* purposes, multiple punishments can be imposed if the legislature clearly intended to do so. *Albernaz v. United States,* 450 U.S. 333, 344 (1981); *Missouri v. Hunter,* 459 U.S. 359, 366 (1983); *Ohio v. Johnson,* 467 U.S. 493, 499 (1984); *Garrett v. United States,* 471 U.S. 773, 779 (1985); *White v. Howes,* 586 F.3d 1025, 1035 (6th Cir. 2009)("The current jurisprudence allows for multiple punishment for the same offense provided the legislature has clearly indicated its intent to so provide, and recognizes no exception for necessarily include, or overlapping offenses.") The *Blockburger* test is a rule of statutory construction, not a constitutional test in itself. *Volpe v. Trim,* 708 F.3d 688 (6th Cir. 2013), *citing Albernaz.* "When assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Volpe, citing Banner v. Davis,* 886 F.2d 777, 780 (6$^h$Cir.1989).

The underlying facts of this case are set forth in the decision of the Second District Court of Appeals:

4

> [*Pl] On March 7, 2006, Joseph W. Huber (Appellant) was caught
> with a suitcase brimming with thousands of narcotic pain-reliever and analgesic tablets-- methadone, hydrocodone, oxycodone, fentanyl patches, and acetaminophen with codeine. He was convicted on five counts of controlled substance possession in back-to-back trials (Huber I, No. 06-CR-509, and Huber II, No.06-CR-674). The prosecutor's misidentification of the fentanyl patches in the original indictment required the state to reindict Mr. Huber, prompting the second trial three months later.

*State v. Huber,* 2009 Ohio 1637, 2009 Ohio App. LEXIS 1343 (2nd Dist. Apr. 3, 2009).

> [*P4] Huber assigns two errors. He alleges first that aggravated possession of fentanyl and the four other aggravated possession offenses that he was convicted of in the first trial are allied offenses of similar import. And second Huber alleges that re-indicting him violated his constitutional right to be free from double jeopardy. We will deal with the double jeopardy argument first.
>
> [*P5] When this court reopened Huber's appeal, that review was expressly limited to whether the evidence was sufficient to establish that he possessed the necessary "bulk amount" of fentanyl to support a second-degree felony conviction for aggravated drug-possession. See App.R. 26(B)(7) (providing that "the court may limit its review to those assignments of error and arguments not previously considered"). The court indicated that aggravated possession of fentanyl is separate from any of the other four aggravated possession offenses, *citing State v. Duke* (Feb. 8, 1995), Montgomery App. No. 14404, 1995 Ohio App. LEXIS 459 ("Simultaneous possession (or any other prohibited act) of more than one Schedule II controlled substance constitutes more than one offense."), and *State v. Pitts,* Scioto App. No. 99 CA 2675, 2000 Ohio 1986 (concluding that the trial court did not err in imposing separate prison sentences for trafficking in two different schedule IV drugs). The scope of the remand was very narrow, and the issue of double jeopardy that Huber raises here exceeds it. Therefore the double jeopardy argument is beyond the scope of our review. *See State v. Gillard,* 78 Ohio St.3d 548, 549, 1997 Ohio 183, 679 N.E.2d 276 (rejecting defendant's challenges to his convictions and sentence, in part, because they were beyond the scope of the Court's remand). Moreover, this is an issue Huber could have raised in his previous appeal and therefore the doctrine of res judicata prevents us from considering it now.

5

Huber's first assignment of error asserts that his conviction for possession of fentanyl merges with the other drug possession charges because all the drugs were found in the same suitcase and the offenses constitute a single act with a single intent. Ordinarily, the merger issue would also be beyond the scope of our review and barred by res judicata. Nevertheless, the remand was on June 25, 2010 and the defendant's resentencing was July 29, 2010. At the resentencing, Huber specifically raised the merger issue. This is the direct appeal of the resentencing. Additionally, on December 29, 2010, the Ohio Supreme Court decided *State v. Johnson,* 128 Ohio St.3d 153, 2010 Ohio 6314, 942 N.E.2d 1061, which transformed the manner used to evaluate merger of offenses. In *Nolan v. Nolan*, (1984), 11 Ohio St.3d 1, 11 Ohio B. I, 462 N.E.2d 410, when dealing with the related law-of-the-case doctrine, the Supreme Court explained that the law of the case applied "[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court * * * *" Likewise in this case, given that the defendant raised the merger issue at his sentencing below, and in light of the intervening decision in Johnson, we do not believe res judicata bars consideration of the merger issue.

[*P7] Nevertheless, Huber is not entitled to the merger of his convictions he requests. Huber's convictions in his first trial, which was the subject of our review in *State v. Huber,* Clark App. No. 07CA88, 2009 Ohio 1636, involved his possession of the drugs methadone, hydrocodene, oxycodeine, and acetaminophen with codeine. Huber's conviction in the second trial involved his possession of fentanyl. Each results in a violation of R.C. 2925.11. However, the fact each violation of R.C. 2925.11 requires proof of the identity of a different drug that was possessed demonstrates "that the legislature intended the possession of the different drug groups to constitute different offenses." *State v. Delfino* (1986), 22 Ohio St.3d 270, 274, 22 Ohio B. 443, 490 N.E.2d 884.

[*P8] More recently in *State v. Johnson,* 128 Ohio St.3d 153, 2010 Ohio 6314, 942 N.E.2d 1061, the Supreme Court reiterated that, for purposes of the merger of allied offenses that R.C. 2941.25 requires, "a person may be punished for multiple offenses arising from a single criminal act without violating the Double Jeopardy Clauses of the United States and Ohio Constitutions, so long as the General Assembly intended cumulative punishment. * * * Thus, the lodestar for allied offenses is whether the 'legislature signals its intent to either prohibit or permit cumulative punishments for conduct that may qualify as two crimes.'" *Id.* at 25.

[*P9] On the basis of the holdings in *Delfino* and *Johnson,* we

> find that Huber is not entitled to merger of his R.C. 2925.11(C)(1)(a) conviction arising from his second trial with his convictions arising from his first trial.

*State v. Huber,* 2011 Ohio 6175, 2011 Ohio App. LEXIS 5070 (2nd Dist. 2011).

At one point in his Reply, Huber asserts that "the courts in Ohio do not have a thorough understanding of the 2925.11 statute and the application of the statute is contrary to and an unreasonable application of clearly establishes [sic] federal law" (Doc. No. 12, PageID 67, *citing Harris v. Stovall,* 532 U.S. 947 (2001).

Huber received a twenty-one year sentence m Huber I. He contends the correct interpretation of Ohio Revised Code § 2925.11 in his case would have been to merge Counts One, Three, and Five (because those convictions were for possession of Schedule I or II controlled substances) and then to sentence separately for Count Six (because that Count involved possession of acetmenophin with codeine, a Schedule III, IV, or V controlled substance). In other words, his theory is that all Schedule I and II drugs were intended to be merged and all Schedule II, IV, or V drugs were intended to be merged separately because Ohio Revised Code § 2925.11 punishes possession of Schedule I and II drugs as aggravated drug possession and possession of Schedule III, IV, and V drugs as simple possession.

Huber cites no evidence for his belief that this is what the General Assembly intended except for his own parsing of the statute. No Ohio court has held that the legislature intended only one punishment if a person possesses both methadone and oxycodone at the same time. And in this very case the Second District Court of Appeals rejected Huber's interpretation on the basis of the Ohio Supreme Court's holding in *State v. Delfino,* 22 Ohio St. 3d 270 (1986). Even if this Court agreed with Huber's parsing of Ohio

7

Revised Code § 2925.11, it could not substitute its own reasoning for that of the Ohio courts. As the Sixth Circuit held earlier this year in *Volpe, supra,* we may not substitute our construction of the state's statutes for that adopted by the state courts themselves.

Huber's Third Ground for Relief should therefore be dismissed with prejudice.

### Ground Four:  Double Jeopardy:  Second Trial When First Indictment Dismissed After Jeopardy Attached

In his Fourth Ground for Relief, Huber complains that he was re-tried on the fentanyl count, but that that count was dismissed only after a jury was sworn in the first trial.  The Supreme Court has made it plain that the Double Jeopardy Clause protects against a second trial, not just against conviction at a second trial. *Abney* v. *United States,* 431 U.S. 651 (1977).  It is also clearly established that jeopardy attaches in a jury trial when the jury is sworn.  *Crist v. Bretz,* 437 U.S. 28 (1978).  The determinative question is when the fentanyl count was dismissed in relation to when the jury was sworn.

To prove that the jury had not yet been sworn, Respondent points to the trial transcript in *Huber* v. *Warden,* Case No. 3:11-cv-008 (Doc. No. 4-3).  Among a number of defense motions being argued pre-trial is defense counsel's objection to deficiencies in the fentanyl charge. *Id.* at PageID 526.  Voir dire of the jury occurs later in the same trial transcript. Moreover, the court of appeals expressly found that the fentanyl count had been dismissed before trial.  *State v. Huber,* 2011 Ohio 6175, ¶1, 2011 Ohio App. LEXIS 5070 (2nd Dist. Dec. 2, 2011).

Huber's claim relies entirely on the absence of a formal entry from Judge

O'Neill docketed before the jury was sworn (Reply, Doc. No. 12, PageID 675). It is true that the Magistrate Judge granted in part Huber's Motion to Expand the record to require the State to produce such a formal entry if it existed and that the State did not do so, leading the Magistrate Judge to take the Warden's response as an admission that no such document exists or can be found." *Id*. quoting Decision and Order, Doc. No. 10, PageID 646. But Huber has presented no authority, either Ohio or federal, for the proposition that a dismissal must be accomplished by a formal entry, rather than an oral order on the record. Busy trial courts do not work that way. **It** is not at all uncommon for such courts to deal, as Judge O'Neill did here, with a raft of late-filed, even oral motions on the day of trial. The United States Constitution does not command a different procedure.

The Warden also defends Ground Four by noting that it is procedurally defaulted as held by the Second District Court of Appeals. *State v. Huber,* 2011 Ohio 6175, 5, 2011 Ohio App. LEXIS 5070 (2nd Dist. Dec. 2, 2011). Huber asserts he has cause and prejudice to excuse this default because "the defense had been given erroneous and misleading information concerning the issue of whether the defective indictment was ever formally dismissed." (Reply, Doc. No.12, PageID 676.) He provides no corroborating detail of record about this supposed misleading information. His defense counsel at the time, Linda Cushman, was certainly present when Judge O'Neill made his ruling.

Ground Four should therefore be dismissed with prejudice, both as procedurally defaulted and as being without merit.

**Conclusion** 9

On the basis of the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would not be taken in objective good faith and should therefore not be permitted to proceed *in forma pauperis.*

July 9, 2013.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).